May Term,
1855.

HEDDY
v.
DRIVER.

*H. P. Biddle*, for the appellants.

*D. D. Pratt* and *S. C. Taber*, for the appellees.

—————————

HEDDY and Others *v.* DRIVER.

A count which is not a nullity should not be rejected on motion.
The plaintiff can not assign for error the dismissal of his suit, unless he excepted to the dismissal in the Court below.

*Thursday,*
*June 7.*

ERROR to the *Sullivan* Circuit Court.

STUART, J.—Action on the case against *Jane Driver*, as tenant in dower, for waste. The plaintiffs are the heirs at law of *Edwin Driver*, deceased. The defendant is his widow.

The declaration contained three counts. After trial, and verdict for 40 dollars, the Court sustained a motion for a new trial, and the cause was continued. At the next term, *Jane* had leave to withdraw her plea. She then filed a general demurrer to the declaration, which was sustained. The plaintiffs withdrew their joinder, non-prossed all the counts but the last, and the cause was continued with leave to amend.

At the following term, no amendment to the declaration having in the meantime been made, the defendant moved to dismiss the cause, for want of a declaration, and the Court sustained the motion.

The third count was not good on demurrer, but it could not be regarded as a nullity and rejected on motion. That

count stood on the record, not only with all its own allega- tions, but with all the formal parts of the entire declaration, and also with all the descriptive references made in it to the other counts which had been non-prossed.

Instead of moving to reject, the defendant should have refiled her demurrer. *Port* v. *Williams, ante,* p. 219.

But as the plaintiffs did not appear as objecting in the Court below, and took no exception there to the opinion of the Court in dismissing the cause, the error can not be noticed in this Court.

*Per Curiam.*—The judgment is affirmed with costs.

*J. P. Usher*, for the plaintiff.